IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-30186
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES KESSEE, also known as Bug

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50038-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Kessee appeals his conviction and 168-month sentence for possession with the intent to distribute cocaine hydrochloride. Kessee argues that the Government breached the plea agreement by arguing that he was responsible for nine kilograms of cocaine rather than the 133 grams of cocaine he admitted to possessing in the factual stipulation. He also contends that his sentence was imposed in violation of FED. R. CRIM. P. 11, FED. R. EVID. 410, and U.S.S.G. § 1B1.8 because the district court relied on evidence provided by Kessee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a part of debriefing made pursuant to his original plea agreement. Kessee asserts that he was granted use immunity from those statements. Kessee also asserts that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005), because his sentence was based on facts to which he did not admit.

Because the Government's conduct was consistent with the parties' reasonable understanding of the plea agreement, the agreement was not breached. See United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005). The plea agreement did not limit consideration of relevant conduct for the purposes of sentencing.

Kessee's statements to Agent Scott were made after he initially pleaded guilty. Therefore, Kessee did not have an expectation to negotiate a plea at the time of this conversation. See United States v. Robertson, 582 F.2d 1356, 1365-66 (5th Cir. 1978) (en banc). FED. R. CRIM. P. 11(f) and FED. R. EVID. 410 are inapplicable to the instant case.

The district court did not violate U.S.S.G. § 1B1.8 by using self-incriminating statements made by Kessee to determine his sentence. Neither plea agreement contained a provision requiring the cooperation in describing the illegal activities of others. Therefore, § 1B1.8 is inapplicable. See § 1B1.8, comment. (n.6). Regardless, the district court's consideration of Kessee's statements does not constitute plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

Kessee's challenge to the constitutionality of his sentence is also without merit. Kessee was sentenced in 2006, after the issuance of Booker. Thus, the district court's determination, under an advisory guidelines scheme, regarding relevant conduct and the applicability of sentence enhancements, does not violate Kessee's Sixth Amendment right to a jury trial. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.